UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKHAYL SAMY SOLIMAN,

       Plaintiff,

                                                   CASE NO. 15-CV-12421
v.                                     HONORABLE GEORGE CARAM STEEH

JUSTIN B. BIDWELL,

       Defendant.
_____/

ORDER GRANTING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS (Doc. #2),
DISMISSING PLAINTIFF'S AMENDED
COMPLAINT (Doc. #7), DISMISSING AS
MOOT PLAINTIFF'S MOTION TO CHANGE
JUDGE (Doc. #6), AND DENYING
<u>ANY APPEAL IN FORMA PAUPERIS</u>

Plaintiff Mikhayl Samy Soliman filed this action *pro se* against Justin B. Bidwell, a Special Assistant United States Attorney, Health Care Fraud Unit, formerly involved in the ongoing prosecution of plaintiff for health care fraud. *See United States of America v. Mikhayl Soliman, M.D.*, No. 12-cr-20599.[1] Plaintiff alleges that Bidwell obtained evidence to use against him in the criminal case illegally. For relief, plaintiff seeks (1) that the "142 drug dealers that were sent to [his] clinic . . . be further investigated"; (2) monetary compensation (the money that was seized from him by the government in the criminal action); and (3) return of his wife's personal assets that were taken from California.[2]  For

---

[1] Bidwell has been off of the criminal case since February 23, 2015.

[2] Plaintiff does not state whether it was Bidwell or someone else who took his wife's assets nor does he state what those assets are.

-1-

the reasons set forth below, plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted and because defendant is entitled to absolute prosecutorial immunity from plaintiff's claim for money damages.

Although federal courts hold the *pro se* complaint to a less stringent standard than those drafted by attorneys, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on defendants if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from defendants who are immune from such relief.  To state a claim upon which relief can be granted, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires "factual enhancement" amounting to more than "naked assertions."  *Id.*

Although plaintiff filled out this district's form complaint used by *pro se* plaintiffs, he fails to state a claim upon which relief can be granted.  Plaintiff alleges that, in connection with his criminal case, Bidwell illegally obtained evidence from his clinic without a court order prior to September 14, 2012.  (Doc. #7 at 1).  Plaintiff also argues that Bidwell "did not notify the Medicare billing department . . . to filter the billing in order to help [plaintiff] avoid any criminal offense. . . ."  (*Id.* at 7).  Plaintiff fails to allege a cognizable claim against Bidwell. This becomes clear when looking at the relief plaintiff requests. The court does not have any jurisdiction to order the "142 drug dealers" apparently sent to plaintiff's clinic

during the investigation of his criminal case to be further investigated. Nor can the court order money damages in the form of forcing the government to return money seized from plaintiff in the course of the criminal investigation. This money has not yet been forfeited; the government has merely filed a notice of forfeiture to notify plaintiff that, if he is convicted of the alleged health care fraud, the government intends to forfeit certain assets that were seized from him during the course of the investigation. Finally, plaintiff seeks return of his wife's unspecified assets that were allegedly seized in California, but (1) he does not have standing to pursue this relief on behalf of his wife and (2) he has not alleged that Bidwell was involved in seizing any assets from his wife.

Moreover, to the extent that plaintiff is seeking monetary damages, Bidwell is entitled to absolute prosecutorial immunity. Prosecutors are absolutely immune from civil suit for damages for the alleged deprivation of a constitutional right in bringing a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). To the extent that Bidwell was involved in bringing the action against plaintiff, including his alleged participation in the investigation leading up to the criminal action, he is entitled to absolute immunity. "Investigative acts undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence, warrant absolute immunity[.]" *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997). Plaintiff's allegations, accepted as true, make clear that he is seeking relief as a result of his criminal prosecution. Bidwell is entitled to absolute immunity for his actions antecedent to the criminal action as well as any actions taken while advocating the government's position in the criminal action. Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff's complaint was originally assigned to Judge Bernard Friedman. The case was reassigned to this court as a companion to plaintiff's criminal case. (Doc. #5). Subsequently, plaintiff filed a "Motion to Change Judge" in this action. The motion states:

> I am filing a motion to change the judge for this case because I want a second judge since the defendant was the original prosecutor for my original case. Therefore, a second opinion by another judge would be fair.

(Doc. #6 at 1).

Given the court's conclusion above that plaintiff's complaint is subject to dismissal, his motion to change judge will be dismissed as moot. However, even if plaintiff's request was not moot, the court denies the motion because it lacks merit. Plaintiff does not specify which statute his motion is brought under — 28 U.S.C. § 144 or 28 U.S.C. § 455. Under § 144, plaintiff has not filed an affidavit stating any facts or reasons that he believes the undersigned to be biased or prejudiced against him. Indeed, plaintiff does not allege that the undersigned is biased or prejudiced against him; he simply states that "another judge would be fair." That is different than alleging that the undersigned would be unfair. Likewise, under § 455, "[t]he judge must recuse himself only if a reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality." *Kemp v. United States*, 52 F. App'x 731, 733–34 (6th Cir. 2002). The subjective view of the party requesting recusal is irrelevant, "no matter how strongly that view is held." *Id.* at 734. Here, plaintiff has not questioned the undersigned's impartiality. Rather, he merely states that "a second opinion by another judge would be fair." Plaintiff fails to meet his burden in obtaining a new judge.

For these reasons, IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* (Doc. #2) is GRANTED. IT IS FURTHER ORDERED that plaintiff's case is

DISMISSED. Plaintiff's motion to Change Judge (Doc. #6) is DISMISSED AS MOOT. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

    IT IS SO ORDERED.

Dated: August 10, 2015

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon Mikhayl Soliman, 12173 Chandler Dr., Plymouth, MI 48170 and attorneys of record on
August 10, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk